UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY, INC. | Chapter 7 |
| Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | |
| Plaintiff, | Adv. Pro. No. 04-3064-WRS |
| v. | |
| CIT GROUP COMMERCIAL SERVICES INC., | |
| Defendant. | |

### MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC ("Terry Uniform"), J. Lester

1

Alexander, III, ("Trustee"). The Court has considered the briefs and memoranda submitted by both parties. (Docs. 10, 16, 17). For the reasons set forth below, the summary judgment motion of the Trustee is partially GRANTED with respect to the prima case of this avoidance action and partially DENIED with respect to the statutory defenses asserted by CIT.

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

The Trustee has initiated this Adversary Proceeding in an attempt to recover five payments that were made by Terry Manufacturing[1] to CIT. The payments in question occurred approximately on the following dates and in the following amounts:

$8,183.76 on April 15, 2003;

$16,151.65 on May 22, 2003;

$6,373.29 on May 27, 2003;

$22,825.92 on June 18, 2003;

$18,991.94 on June 25, 2003.

The Trustee is alleging that these payments, totaling $75,526.56, are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if-
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

3

11 U.S.C. § 547(b).  CIT has raised two statutory defenses to the avoidance action initiated by the Trustee, specifically those provided by §§ 547(c)(2) and (c)(4), commonly referred to as the "ordinary course" and the "new value" defenses.

In this case, the payments were made for the benefit of CIT, a creditor of Terry Manufacturing.  The payments were made on account of antecedent debt.  The parties do not dispute that the payments in question were made to CIT at a time when Terry Manufacturing was insolvent.  The Trustee is entitled to the presumption of insolvency provided by § 11 U.S.C. 547(f).  Further, the Defendant has not provided the Court with any evidence to rebut this presumption of insolvency.  Each payment was made within the ninety (90) day preference period as required by § 547(b)(4)(A).  Nor is there any dispute that but for the transfers, CIT would have been left with an unsecured claim in the amount of $75, 526.56.  The payments here enabled CIT to receive more than it would have received if the case had been under chapter 7 of this title, the transfer had not been made, and if CIT received payments as provided by the Bankruptcy Code.  Because the Court finds that the elements of § 547(b) have been satisfied, the Plaintiff's Motion for Summary Judgment is GRANTED in part with respect to the prima facie.  However, genuine issues of material facts exists in this avoidance action as to whether the two defenses raised by CIT are applicable.  With respect to the application of § 547(c)(2), it must be determined whether the terms of payment during the preference period can be considered ordinary as between Terry Manufacturing and CIT.  Similarly, with respect to § 547(c)(4), genuine issues of material fact exists as to whether the $8,183.76 payment of April 14, 2003 is entitled to be set off.  For the aforementioned reasons, the Trustee's motion for summary judgment is GRANTED in part with respect to the prima facie case

as provided by § 547(b), and is DENIED in part with respect to the statutory defenses asserted by CIT.

Done this 25th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
Henry A. Calloway, Attorney for Defendant
J. Lester Alexander, III, Trustee
Debtors
Teresa R. Jacobs, Bankruptcy Administrator